UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

TIRON BEANE,                                                    Case No. 15-CV-0424 (DWF/LIB)

          Plaintiff,

v.                                                                             REPORT AND RECOMMENDATION

OFFICER WOLF; SGT. REWIZER; LT.
VANRAMM; CAPT. JOHNSON; and
A/W/O/ TITUS,

          Defendants.

---

Plaintiff Tiron Beane, a prisoner, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983.  He did not pay any filing fee for this case, but instead filed an application seeking leave to proceed *in forma pauperis* ("IFP").  ECF Nos. 2 & 5.  In an order dated February 25, 2015, this Court ordered Beane to pay an initial partial filing fee of at least $19.09 within 20 days, failing which it would be recommended that this action be dismissed without prejudice for failure to prosecute.  *See* 28 U.S.C. § 1915(b); Fed. R. Civ. P. 41(b).

Beane has not paid this initial partial filing fee.  Instead, Beane asks that the Court waive the initial partial filing fee, as he has initiated several cases in this District at the same time and is unable to pay the initial partial filing fee in each of those cases.  *See* ECF No. 10.  Based on that claim and Beane's prior financial representations, this Court finds that Beane has "no assets and no means by which to pay the initial partial filing fee," and it will allow this case to proceed to screening, notwithstanding Beane's failure to pay the initial partial filing fee.  28 U.S.C. § 1915(b)(4).  Beane remains responsible for the $350.00 filing fee, which must be paid over time in installments from his prison trust account.  *See* 28 U.S.C. § 1915(b)(2).

Based on the information provided by Beane in his IFP application, the Court finds that Beane qualifies financially for IFP status. However, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Beane alleges in his complaint that he received a legal document intended for another prisoner mixed in with his own legal mail. *See* Compl. at 1 [ECF No. 1]. This caused Beane to believe that some of his own legal papers may have been sent to other prisoners, although he does not allege that this has in fact ever happened. *Id*. When Beane notified prison guards of the mistake, one of those guards, defendant Officer Wolf, allegedly called Beane a "fucking nigger." *Id*. Beane then attempted to pursue administrative remedies with prison officials regarding

Wolf's actions, but he was told by those officials that they did not believe Wolf ever used the phrase alleged by Beane. *Id*. at 2.

Based on those allegations, Beane raises two sets of claims, both brought under § 1983. First, Beane alleges that any errors made by prison officials regarding his legal mail amount to a violation of his constitutional rights to due process and freedom of speech. *Id*. at 3. Second, Beane alleges that his equal-protection rights were violated by Wolf's use of inappropriate language. *Id*. Based on those allegations, Beane seeks $2,5000,000 in compensation. *Id*.

As Beane was previously warned, *see* ECF No. 9 at 3 n.2, neither set of claims in his complaint is sufficiently pleaded. With respect to Beane's claim regarding his legal mail, Beane has not even alleged that any of his mail has, in fact, been misplaced or sent to another inmate. In addition, even if prison officials have mistakenly sent some of Beane's legal mail to another prisoner, the "'Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property.'" *Clemmons v. Armontrout*, 477 F.3d 962, 966 (8th Cir. 2007) (quoting *Daniels v. Williams*, 474 U.S. 327, 328 (1986)). Nowhere in his complaint does Beane even suggest, much less plausibly allege, that prison officials are intentionally sending his legal mail to other prisoners. Finally, there does not appear to be any plausible basis upon which to bring a First Amendment violation regarding Beane's mail. Beane has not alleged that prison officials are intentionally withholding his mail, or preventing him from communicating with the courts, or retaliating against him due to his exercise of protected rights, or doing anything else that can be plausibly interpreted as a denial of his First Amendment rights.

Beane's claim with respect to Officer Wolf's insult fares no better.  "Verbal threats and name calling usually are not actionable under § 1983."  *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *accord Gray v. Mills*, No. 3:07CV00188 JLH/JTR, 2008 WL 313926, at *3 (E.D. Ark. Feb. 1, 2008) ("[M]ere verbal insults or harassment are not actionable in a § 1983 case.").  Apart from the use of insulting language, Beane has not alleged any way in which prison officials have treated him differently on account of his race.  And the alleged use of that insulting language on one occasion by one prison official, however unfortunate or inappropriate, does not by itself rise to the level of a constitutional violation.  This claim must be dismissed as well.

Because Beane's complaint fails to state a claim on which relief may be granted, this Court recommends that this action be summarily dismissed.  *See* 28 U.S.C. § (e)(2)(B)(ii).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.      This action be SUMMARILY DISMISSED under 28 U.S.C. § (e)(2)(B)(ii).

2.      Plaintiff Tiron Beane's applications to proceed *in forma pauperis* [ECF Nos. 2 and 5] be DENIED.

3.      Beane's motion for a subpoena [ECF No. 3] be DENIED AS MOOT.

Dated: April 1, 2015                          s/Leo I. Brisbois
                                              Leo I. Brisbois
                                              United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 15, 2015**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Eighth Circuit Court of Appeals.